The Honorable Kit Williams Fayetteville City Attorney 113 W. Mountain, Suite 302 Fayetteville, AR 72701-6083
Dear Mr. Williams:
You have submitted for my review and approval a proposed Interlocal Agreement entitled "Interlocal Agreement Between Washington County, Arkansas, and the City of Fayetteville, Arkansas, Concerning the Expenditure of Funds from the Arkansas Department of Emergency Management and the Disposition of Various Items of Emergency Equipment Purchased With Such." The submitted Agreement has been signed by the County Judge. You have also provided a copy of the county ordinance approving the agreement (Washington County Ordinance No. 2004-29, passed May 13, 2004), as well as a proposed city ordinance that was to be presented to the Fayetteville City Council on June 15, 2004.
You indicate that your submission is required by A.C.A. § 25-20-101 etseq. According to the proposed Interlocal Agreement, however, it is to be entered pursuant to A.C.A. § 14-14-910.[1] This latter statute, which is a part of the "County Government Code," authorizes counties to enter into "interlocal agreements," and provides at subsection (d) for the submission of such agreements to "legal counsel." The statute requires the approval of such "legal counsel" prior to and as a condition precedent to the final adoption and performance of the agreement. Subsection (e) of the same statute requires my approval with respect to any such agreement made by a county which "includ[es] a state or a state agency. . . ." Consequently, interlocal agreements that are entered into under the authority of A.C.A. § 14-14-910 are not required to be submitted to the Attorney General for approval, unless a state or a state agency is a party to the agreement. Accord Op. Att'y Gen. 96-274. This is in contrast to A.C.A. § 25-20-104, which requires the Attorney General's approval of all agreements entered into under the provisions of A.C.A. §25-20-101 et seq.
It does not appear that the state or a state agency is a party to the agreement at issue. Additionally, although the proposed City of Fayetteville ordinance references A.C.A. § 25-20-101 et seq., Washington County Ordinance 2004-29 does not contain this reference; and as noted above, the proposed Agreement itself refers only to A.C.A. § 14-14-910. I must therefore conclude that my approval of this particular agreement is unnecessary.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:EAW/cyh
[1] The Agreement actually cites A.C.A. § 14-14-901. Paragraph 4 states: "In accordance with Ark. Code Ann. 14-14-901, this agreement shall be approved by the governing bodies of the respective parties[.]" (Emphasis added). I assume that this is simply a typographical error, and that the intended citation is A.C.A. § 14-14-910.